UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CR-0123-CVE |
| ) | |
| BRANDON BENNETT KEMP, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court are Defendant's Motion in Limine to Exclude Prejudicial Statements and Video Recording (Dkt. # 23) and Defendant's Motion in Limine to Exclude Prejudicial Statements (Dkt. # 24). Defendant asks the Court to exclude a video of a custodial interview in which defendant made a statement that he was a "Juggalo." Dkt. # 24. He also argues that he will be unfairly prejudiced if the jury is permitted to see the video, because it shows that his apartment was "filthy." Dkt. # 23. Plaintiff responds that neither of these issues will unfairly prejudice the defendant at trial, and plaintiff asks the Court to deny defendant's motions.

On August 4, 2020, a magistrate judge signed a complaint (Dkt. # 1) charging defendant with first degree murder in Indian County. The affidavit attached to the complaint states that the Tulsa Police Department (TPD) received a 911 call at 2:56 a.m. on August 4, 2020 concerning a stabbing incident. Dkt. # 1, at 3. TPD officers arrived and found David Woods, an Indian male, deceased on the sidewalk in front of an apartment building. Id. A witness identified defendant as the assailant and defendant was taken into custody by the TPD. Id. TPD officers advised defendant of his Miranda rights and he agreed to participate in an interview, and defendant admitted to repeatedly

stabbing the victim.  Id. at 4.  On August 5, 2020, a grand jury returned an indictment (Dkt. # 9) charging defendant with first degree murder in Indian Country.

Under Fed. R. Evid. 401, evidence is relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence" and the "fact is of consequence in determining the action."  However, a court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Unfair prejudice means that evidence has an "undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one."  United States v. Silva, 889 F.3d 704, 712 (10th Cir. 2018).  "[E]xclusion of evidence under Rule 403 that is otherwise admissible under the other rules 'is an extraordinary remedy and should be used sparingly.'"  United States v. Tan, 254 F.3d 1204, 1211 (10th Cir. 2001) (quoting United States v. Rodriguez, 192 F.3d 946 (10th Cir. 1999).

Defendant claims that he made a statement during the interview that he was a "Juggalo," and he claims that the video will show that his apartment was extremely messy.  He argues that he will be unfairly prejudiced if the jury is permitted to see the video, because either of these issues will confuse the jury or result in improper bias against him.  Dkt. ## 23, 24.   The Court finds that defendant's motions in limine should preliminarily be denied.  Defendant argues that the video should be excluded because it shows that he was "clearly not a good housekeeper."  Dkt. # 23, at 1. However, defendant has not shown that a messy apartment would prevent a juror from fairly evaluating the evidence presented at trial or make a decision about defendant's guilt or innocence based on an impermissible basis.  The jurors will necessarily make observations about the defendant

and his surroundings after watching a video interview, and some of those of observations may not be favorable to defendant. That does not mean that defendant will be unfairly prejudiced by such observations, and the Court declines to exclude the video on the basis that defendant's apartment was messy. Defendant also asks the Court to exclude his statement that he is a "Juggalo." Dkt. # 24, at 1. Defendant states that a "Juggalo" is a fan of a band known as the Insane Clown Possies, and some fans of this band have formed a gang and commit crimes. Id. Plaintiff responds that defendant's entire statement on this issue is that he told police that "I have been a Juggalo and stuff." It is not clear that the ordinary juror would understand defendant's reference to a Juggalo, and plaintiff states that it does not intend to offer any evidence about this issue at trial. Dkt. # 25, at 3. It does not appear that defendant's statement that he is a "Juggalo" is relevant to the charges against him, but this statement is also not a basis to exclude the entire video statement. The parties should confer to determine if there is a reasonable way to delete defendant's statement that he is a "Juggalo" but, if not, defendant's video statement will be admissible with the understanding that plaintiff's counsel will not comment on the "Juggalo" remark.

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine to Exclude Prejudicial Statements and Video Recording (Dkt. # 23) and Defendant's Motion in Limine to Exclude Prejudicial Statements (Dkt. # 24) are **denied**.

**DATED** this 5th day of May, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE